# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:24-CR-00101-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) |
| v. | )<br>)   **ORDER** |
| DARIUS DEONTAE LITTLE, | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on Defendant's Notice of Appeal of Magistrate Judge Order Denying Bail under 18 U.S.C. § 3145. (Doc. No. 21). Consistent with 18 U.S.C. § 3145(c), the Court has promptly considered Defendant's appeal of the Magistrate Judge's Order of Detention. For the reasons set forth below, Defendant's Motion is **DENIED**.

## I. BACKGROUND AND FACTUAL RECORD

Defendant was arrested on February 4, 2024, after he finished work "and fell asleep in his car while he was parked on the side of the road waiting to pick up a family member."[1] (Doc. No. 21, p.4). During the arrest, police officers found marijuana and a firearm on Defendant's person. (Id.) On May 21, 2024, a grand jury indicted Defendant on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1). At his initial appearance and arraignment on June 18, 2024, Defendant pled not guilty, was appointed counsel, waived his initial detention hearing, and was detained.[2] (Minute Entry, June 18, 2024). Also on June 18, 2024, the Magistrate Judge entered an Order of Detention, finding the Defendant consents to detention.

---

[1] This resulted in a state court case, which was dismissed on June 25, 2024, after Defendant was federally indicted. (*State of North Carolina v. Darius Deonte Little*, 24CR226276-590 (N.C. Super. Ct. June 25, 2024); Doc. No. 21-2).

[2] At this hearing, the Magistrate Judge stated "the Court will enter the usual order indicating that the defendant does consent to detention for today [and] [h]e reserved his right, though, to a hearing at a later date." (Doc. No. 21-1, p. 6).

1

(Doc. No. 7). On July 17, 2024, Defendant moved for a detention hearing. (Doc. No. 16). Defendant had his detention hearing before the Magistrate Judge on July 26, 2024. (Minute Entry, July 26, 2024).

At the detention hearing, the United States moved for detention. (Doc. No. 22, p. 2). At the time of his arrest, Defendant had been smoking marijuana and had a gun in his waistband, which he told police officers about when asked if he had a weapon. (Id., p. 3). The United States argued the relevant factors weigh in favor of detaining Defendant: the crime he is charged with involves a firearm, Defendant was on probation at the time this charge happened, and Defendant has been charged with possessing a weapon as a felon twice. (Id., p. 3-4). The United States Probation Office recommends detention. (Doc. No. 10).[3]

At the detention hearing, Defendant presented: (1) a dismissal of his state court case; (2) his 2023 tax return and paystubs reporting his earnings from his job at Frito Lay; (3) a letter from his supervisor at Frito Lay; and (4) a character letter from his partner, Sheray Bryant. (Doc. Nos. 21-2-6). Ms. Bryant also testified at the hearing.[4] (Doc. No. 22, p. 7-12). Notably, defense counsel stated he echoed the United States's concern Defendant was on probation at the time of this charge and acknowledged Defendant's probationary status is a factor the Court should consider. (Id., p. 5). Interestingly, defense counsel also seems to suggest Defendant now understands the seriousness of the charge because he is incarcerated and separated from his family. (Id., p. 14). In his appeal, Defendant argues he had the firearm for self-defense. (Doc. No. 21, pp. 2, 6).

---

[3] Defendant explains that while the initial pretrial report recommends detention, he did not initially contest detention, so "there was no verification of employment and family[.]" (Doc. No. 21, p. 3 n.2). Defendant "asks the Court to view the [pretrial] report in that light." (Id.).

[4] At the detention hearing, Defense counsel did not specifically state Ms. Bryant would be willing to serve as a third-party custodian if Defendant were released on bond. However, Ms. Bryant testified she and Defendant would live together and the Government asked Ms. Bryant if she would report any violations Defendant committed if he was released on bond.

The Court also notes Defendant argues, and defense counsel argued at the detention hearing, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), should not be a crime in light of recent United States Supreme Court decisions. (Doc. No. 21, pp. 2-3; Doc. No. 22, p. 5-6). However, this issue is not before the Court in this motion. Defendant filed a separate Motion to Dismiss based on this argument. (Doc. No. 17). Therefore, because the issue is not presently before the Court, the Court will not address it now.

## II. STANDARD OF REVIEW

Under 18 U.S.C. § 3145, "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). District courts review a magistrate judge's release or detention order de novo. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001). The Court "must make an independent determination of the proper pretrial detention or conditions of release." Id. However, a district court is not required to hold an additional evidentiary hearing as part of its reviewing. United States v. King, 849 F.2d 485, 489–90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989). After conducting its independent review, a district court may explicitly adopt the magistrate judge's order without making duplicate findings or may state additional reasons supporting pretrial detention. King, 849 F.2d at 490–91.

## III. ANALYSIS

The Bail Reform Act of 1984 authorizes and sets forth the procedures for a judicial officer to order the release or detention of an arrested person pending trial, sentencing, and appeal. See 18 U.S.C. § 3142 et seq. To detain a defendant pending trial, the judicial officer must "find[] that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Id. § 3142(e). Courts consider

3

factors in making this determination: (1) the nature and circumstances of the offense charged, including whether the offense involves a firearm; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including whether the defendant was on probation at the time of the offense; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. Id. § 3142(g).

The Court has carefully reviewed the evidence, conducted a *de novo* review of the record, and gave no deference to the Magistrate Judge's reasoning and ruling. Based on its own review of the record, the Court finds Defendant does not pose a risk of non-appearance. With respect to dangerousness, the United States charged Defendant with one count of possession of a firearm by a convicted felon. In considering the factors to determine whether there are conditions of release that will reasonably assure the safety of any other person and the community, the Court finds they weigh in favor of detention. The Court bases its decision on the following: Defendant is charged with a crime that involves a firearm, the weight of the evidence against Defendant, and Defendant's probationary status. The Court finds there are no conditions of release it can impose on Defendant to ensure the safety of any other person and the community. As such, the Court is in agreement with the Magistrate Judge's reasoning for ordering Defendant detained.

**IT IS THEREFORE ORDERED** that Defendant's Notice of Appeal of Magistrate Judge Order Denying Bail under 18 U.S.C. § 3145, (Doc. No. 21), is **DENIED**.

**IT IS SO ORDERED**.

Signed: August 9, 2024

Frank D. Whitney
United States District Judge